# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:12-CV-196-GCM-DCK

| | |
|---|---|
| VIOLA WIGGINS, | ) |
|       Plaintiff, | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| CAROLYN W. COLVIN,[1] | ) |
| **Acting Commissioner of Social Security,** | ) |
|       **Defendant.** | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 12) and "Defendant's Motion For Summary Judgment" (Document No. 16). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Judgment On The Pleadings" be denied; that "Defendant's Motion For Summary Judgment" be denied; and that the Commissioner's decision be vacated.

## I.    BACKGROUND

Plaintiff Viola Wiggins ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On or about September 28, 2009, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405 *et*

---

[1] Carolyn W. Colvin is the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit.

*seq.*, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383 *et seq.*, alleging an inability to work due to a disabling condition beginning May 31, 2003. (Transcript of the Record of Proceedings ("Tr." 12, 94-111). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on December 1, 2009, and again after reconsideration on May 12, 2010. (Tr. 12, 52-59, 63-80). In its "Notice of Reconsideration" the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition was not severe enough prior to the end of your insured period to be considered disabling. The evidence does not show a condition that would prevent most work-related activities. Therefore, based on all of the medical and non-medical evidence, we have decided that you were not disabled on or before coverage ended according to the Social Security Act.

(Tr. 63).

Plaintiff filed a timely written request for a hearing on June 9, 2010. (Tr. 12, 81-82). On December 21, 2010, Plaintiff appeared and testified at a hearing before Administrative Law Judge Ann G. Paschall ("ALJ"). (Tr. 12, 24-47). In addition, Benson Hecker, Ph.D., a vocational expert ("VE"), and Leah Broker, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on April 13, 2011, denying Plaintiff's claim. (Tr. 9-18). Plaintiff filed a request for review of the ALJ's decision on May 9, 2011, which was denied by the Appeals Council on June 5, 2012. (Tr. 1-8). The April 13, 2011 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on August 2, 2012. (Document No. 1). The Court entered a "Pretrial Scheduling Order"

(Document No. 8) setting the time frame for the filing of the parties' cross motions for summary judgment.

Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 12) and "Plaintiff's Memorandum In Support Of Motion For Judgment On The Pleadings" (Document No. 13), were filed on February 22, 2013; and "Defendant's Motion For Summary Judgment" (Document No. 16) and "Defendant's Memorandum In Support of Motion For Summary Judgment" (Document No. 17), were filed on May 10, 2013.

Also, on May 10, 2013, Plaintiff filed a ". . .Response. . ." (Document No. 18); and on May 16, 2013, Defendant filed a ". . .Reply. . ." (Document No. 19). The undersigned notes that the "Pretrial Scheduling Order" (Document No. 8) does not provide for the filing of responses or replies to the cross motions for summary judgment, and that neither party requested leave to file such a brief. See Local Rule 7.1(E) ("In an action seeking judicial review of a final administrative decision, the court may enter a Scheduling Order providing for the filing of cross motions for summary judgment or other relief with no responsive or reply briefs allowed. . . . Examples of such actions include, but are not limited to, Social Security disability. . . ").

The Honorable Graham C. Mullen was reassigned to this case on June 14, 2013. On June 24, 2013, the undersigned was assigned to this case as the referral magistrate judge. The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to Judge Mullen is now appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards.

Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 657 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between May 31, 2003, and the date of

her decision.[2] (Tr. 12). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ concluded that Plaintiff was not under a disability at any time from May 31, 2003, through the date of her decision, April 13, 2011. (Tr. 18).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fourth step that Plaintiff was not disabled. (Tr. 17-18).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since May 31, 2003, her alleged disability onset date. (Tr. 14). At the second

---

[2] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

step, the ALJ found that Plaintiff had the following severe impairments: osteoarthritis, fibromyalgia, and sleep apnea. (Tr. 14).[3] At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 15).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity "to perform the full range of light work (lift 20 pounds occasionally, 10 pounds frequently; sit/stand/walk up to 6 hours each in an 8 hour day) as defined in 20 CFR 404.1567(b) and 416.967(b)." (Tr. 15). The Code of Federal Regulations ("CFR") defines light work as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 CFR 404.1567(b). In making her finding, the ALJ specifically stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p." (Tr. 15). The ALJ further opined that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and

---

[3] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 16).

At the fourth step, the ALJ found that Plaintiff could perform her past relevant work as a textile finishing operator or inspector. (Tr. 17). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between May 31, 2003, and the date of her decision, April 13, 2011. (Tr. 18).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ relied upon erroneous VE testimony in improperly determining that Plaintiff could return to her past relevant work; (2) the ALJ failed to give appropriate weight to the medical opinion of Plaintiff's treating physician; and (3) the ALJ's credibility analysis of Plaintiff's testimony is conclusory, in violation of 20 C.F.R. § 404.1529. (Document No. 13). The undersigned will discuss each of these contentions in turn.

### A. Plaintiff's Ability To Return To Her Past Relevant Work

In her first assignment of error, Plaintiff argues that the ALJ erred in relying upon erroneous information from the vocational expert ("VE") in her determination that the Plaintiff could return to her past relevant work. (Document No. 13, p.9). The ALJ found the following:

> The claimant has past relevant work as a textile-finishing operator/inspector which the vocational expert classified as light work with an SVP of 2. Claimant is limited to the full range of light work. Thus, I find that she can perform her light exertion past relevant work. In comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find that the claimant is able to perform it as actually and generally performed.

(Tr. 17). The ALJ based this finding in part on the VE's erroneous testimony that the job of textile-finishing operator/inspector is classified as light, unskilled work by the <u>Dictionary of Occupational Titles</u> ("DOT"). (Tr. 17, Tr. 46). The DOT actually classifies the job of textile-

finishing operator/inspector as a medium exertion occupation. Dictionary of Occupational Titles § 589.387-022, 1991 WL 684473 (Dept. of Labor 1977). In addition, Plaintiff points out that in her original disability application, the description she provided of her past relevant work as she performed it is consistent with medium work. (Tr. 137-38). Plaintiff argues that the VE's erroneous classification of Plaintiff's past relevant work as generally performed was very harmful to her claim. (Document No. 13, p.9).

Defendant admits that the VE incorrectly testified as to the DOT's classification of Plaintiff's past relevant work, but contends that substantial evidence supports the ALJ's finding that Plaintiff was not disabled because she could perform her past relevant job as actually performed. (Document No. 17, p.6). Defendant asserts "the ALJ reasonably found that Plaintiff's past relevant job as a textile-finishing operator/inspector, as she actually performed that job, involved light work." Id. at 5. Defendant cites Plaintiff's own testimony at the ALJ hearing indicating that the demands of a textile-finishing operator/inspector, as she performed the job, required no more than light work. Id. at 7. Specifically, the hearing transcript provides the following pertinent exchange:

> Q. What's the heaviest thing you lifted on a regular basis doing that job?
>
> A. Up to 15 pound[s], but mostly it was a 10 pound package.

(Tr. 28). Therefore, Defendant argues the VE's erroneous classification of Plaintiff's past work according to the DOT is harmless error because the ALJ's finding that Plaintiff could perform that job as actually performed is supported by substantial evidence. (Document No. 17, p.8).

After careful review of the ALJ's decision, as well as the parties' arguments, the undersigned agrees that substantial evidence supports the ALJ's opinion that the Plaintiff is able to return to her past relevant work as performed. The VE's error in determining the DOT's

classification of Plaintiff's past work as light work rather than medium work, by itself, may be harmless. The law is clear that a claimant will be found capable of performing past relevant work, and not disabled, when the claimant can perform a past relevant job as the job was actually performed by the claimant. See 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2); SSR 82-61. When it is determined that a Plaintiff could perform a job as actually performed in the past, the ALJ need not consider Plaintiff's ability to perform the job as generally performed in the economy and as described by the DOT. See Pass v. Chater, 65 F.3d 1200, 1207 (4th Cir. 1995) ("Having found that [Plaintiff] could perform his job as he did in the past, it is unnecessary to consult the DOT in order to determine whether Pass would be able to perform the position of gate guard as it currently exists in the national economy.").

In this case, substantial evidence exists to support the ALJ's finding that Plaintiff's past relevant work as a textile-finishing operator/inspector, as performed, consisted of light work. Plaintiff's description at the ALJ hearing of this past job is clearly consistent with light work. (Tr. 28). As noted above, Plaintiff testified at the hearing that the heaviest thing she lifted on a regular basis in her past relevant work was "[u]p to 15 pound[s], but mostly it was a 10 pound package." (Tr. 28). Relying on this testimony and the record, the VE correctly stated that "as performed, [Plaintiff's work] really varied from sedentary to light, the way she performed it." (Tr. 46).

Plaintiff points out that a discrepancy exists between the Plaintiff's description of her work at the ALJ hearing and in the original Disability Report where her description of the job is consistent with medium work. (Tr. 46, 136-37). According to Social Security Ruling 82-62, ". . . statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work." To the extent a

9

discrepancy exists in Plaintiff's own accounts of her past work as she performed it, such discrepancies are for the ALJ to resolve. See Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Accordingly, the undersigned believes that the ALJ was entitled to rely on the testimony given by the Plaintiff at the ALJ hearing in finding that Plaintiff's past relevant work as performed consisted of light work.

However, the undersigned finds that the ALJ did err in finding that the claimant is able to perform her past relevant work "as actually and generally performed." (Tr. 17). Although the ALJ's finding that Plaintiff is able to perform her past work as actually performed is supported by substantial evidence, the conclusion that she can also perform her past relevant work as generally performed is not. Id. Defendant fails to identify evidence that would support a finding that Plaintiff could return to her past work as generally performed. Moreover, the ALJ fails to address the inconsistencies in the record and testimony as to whether Plaintiff's work is properly classified as light or medium.

This issue presents a close call, and the undersigned's recommendation would be different if the ALJ's decision did not include the language "and generally performed." (Tr. 17). Notably, Defendant makes a strong argument that any error here is harmless. (Document No. 17, p.8). Nevertheless, the ALJ's ultimate conclusion in her decision is inconsistent with the VE testimony, the record, and the ALJ's own findings. (Tr. 17-18). As such the undersigned will recommend that this matter be remanded for clarification on this issue. It might also be helpful if on review the ALJ determines whether Plaintiff could find other work pursuant to Step 5.

### B. Weight Given To Treating Physician's Credibility

Next, Plaintiff argues that the ALJ erred by failing to give appropriate weight to the medical opinion of Plaintiff's treating physician. (Document No. 13, pp.10-11). Specifically,

Plaintiff alleges that controlling weight should be given to the opinion of Plaintiff's treating physician, Dr. Rachel Brown, D.O. Id. Dr. Brown opined that Plaintiff could not stand or walk for prolonged periods or engage in repetitive lifting or bending, and she encouraged the granting of disability benefits for the Plaintiff. (Tr. 590). The ALJ gave the opinion of Dr. Brown "little weight as [her] opinion is not fully supported by her own records." (Tr. 17). Plaintiff argues that Dr. Brown's notes do, in fact, support her opinion, and that the ALJ should have given controlling weight to Dr. Brown's opinion. (Document No. 13, pp.10-11). For instance, the Plaintiff points out that in dismissing Dr. Brown's assessment, the ALJ failed to recognize several indications in Dr. Brown's notes which were consistent with Plaintiff's own description of her conditions, such as the presence of bone spurs and high pain scores. Id.

Defendant argues that the ALJ's decision to give little weight to Dr. Brown's opinion was appropriate given inconsistencies in Dr. Brown's notes and contrasting opinions from other doctors. (Document No. 17, pp.9-13). For instance, Defendant points to several instances in Dr. Brown's notes where Plaintiff acknowledges low levels of or non-existent pain. Id. at 11. Further, Defendant points out that objective evidence such as Plaintiff's daily activities do not indicate debilitating pain. Id. Finally, Defendant notes the opinions of three other doctors whose opinions of Plaintiff's ability contradict those of Dr. Brown. Id. at 12-13

The opinions of treating sources are to be treated specially in an ALJ's determination of disability. See SSR 96-2P, 1996 WL 374188. "If a treating source's medical opinion is well-supported and not inconsistent with the other substantial evidence in the case record, it must be given controlling weight; i.e., it must be adopted." Id at *1. However, Social Security Ruling 96-2p goes on to limit the situations in which a treating physician's opinion must be given controlling weight by stating the following:

> It is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record.

Id. at *2. Therefore, the ALJ must look to the record and the notes of the treating physician in making a determination of the weight to be given to the treating physician's opinion. "If a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996).

After carefully weighing the parties' arguments, the undersigned is satisfied that substantial evidence exists to support the ALJ's decision to give little weight to Plaintiff's treating physician, Dr. Brown. The ALJ specifically cites a number of instances in Dr. Brown's notes displaying inconsistencies between her stated opinion and the actual condition of the Plaintiff. (Tr. 17). In Dr. Brown's statement encouraging disability benefits for Plaintiff, she states that Plaintiff is struggling with a number of conditions including diabetes, labile blood pressures, and fibromyalgia. (Tr. 17, 590). However, the ALJ points to a number of occasions in Dr. Brown's notes where she indicates that these conditions are well-controlled. (Tr. 17). For instance, during Plaintiff's visit with Dr. Brown on December 16, 2009, the ALJ points out that Dr. Brown's notes indicate that the "claimant's diabetes remained stable with no complications from the medications currently being used" and that "the claimant's essential hypertension was benign and stable." Id. The ALJ also recognizes the contrasting opinions of other physicians concerning the Plaintiff, such as Dr. Antoinette Wall, M.D., who "did not determine the presence of any work related functional limitations." Id.

While some evidence does exist to support Dr. Brown's recommendation for disability benefits, the ALJ is not required to discuss every finding in Plaintiff's medical reports. See e.g. Pike v. Astrue, 1:09CV448, 2011 WL 9300 (M.D.N.C. Jan. 3, 2011). The ALJ's recitation of a number of inconsistencies in the records and in Dr. Brown's notes provides substantial evidence for her decision to minimize the treating physician's opinion in this case. Accordingly, the undersigned finds the weight given to Dr. Brown's opinion appropriate.

C.     **ALJ's Finding Of Plaintiff's Lack Of Credibility**

Finally, Plaintiff argues that the ALJ's analysis violated C.F.R. §§ 404.1529 by making only a conclusory statement in finding Plaintiff's lack of credibility. (Document No. 13, p.12). Specifically, Plaintiff argues that the ALJ did not cite any specific reasons for finding Plaintiff's lack of credibility, as required by Social Security Ruling 96-7P. Id. Plaintiff goes on to quote the ALJ's "boilerplate language," arguing that such language is not sufficient when determining claimant's lack of credibility. Id.

Defendant argues that contrary to Plaintiff's argument, the ALJ properly evaluated Plaintiff's credibility in accordance with Social Security regulations and provided specific reasons in support of her determination. (Document No. 17, p.13). Defendant cites a number of examples in the ALJ's opinion where the ALJ considered parts of the record discrediting the Plaintiff's testimony as to her debilitating condition. Id. According to Defendant, the ALJ considered a number of factors in her credibility analysis including the progress notes and reports from examining physicians, the Plaintiff's daily activities, and two medical opinions. Id. Defendant argues these considerations are clearly substantial evidence in support of the ALJ's finding regarding the Plaintiff's credibility. Id. at 16-17.

Assessing the credibility of a claimant is a two-step process. Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). First, objective medical evidence must demonstrate the existence of a medical impairment, "which could reasonably be expected to produce the pain or other symptoms alleged." Id. at 594. Second, the intensity, persistence and extent to which the pain affects the claimant's ability to work must be evaluated. Id. at 594-95. The regulations set out a framework for evaluating symptoms, prescribing seven factors to consider in an analysis of claimant's credibility. C.F.R. §§ 404.1529. The ALJ's "determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record. . ." SSR 96-7P, 1996 WL 374186 at *2. At this level of review, the undersigned is not permitted to make credibility determinations but may review the ALJ's decision to determine if substantial evidence supports a credibility finding. Johnson v. Barnhart, 434 F.3d 650, 658 (4th Cir. 2005).

After careful consideration, the undersigned finds that the ALJ provided substantial evidence in support of her finding regarding Plaintiff's credibility. While Plaintiff contends the ALJ made only a conclusory statement as to Plaintiff's credibility, the statement is in fact supported by ample evidence throughout the ALJ's decision. In fact, many of the ALJ's considerations fall within the seven factors outlined by C.F.R. §§ 404.1529. For example, in accordance with the regulations, the ALJ considered Plaintiff's daily activities, citing Plaintiff's statements that "she was feeling good overall and she was trying to walk daily after a meal." (Tr. 16). Further, the ALJ considered statements made by the Plaintiff indicating the lack of severity of her symptoms such as those made to a doctor that "she had been sleeping 6-8 hours a night and feeling relatively refreshed in the daytime." Id. Rather than making only conclusory statements, the undersigned finds that the ALJ thoroughly considered the facts in determining

14

Plaintiff's credibility as required by C.F.R. §§ 404.1529. Accordingly, substantial evidence supports the ALJ's finding on this issue.

## IV. CONCLUSION

The undersigned is not convinced that substantial evidence supports the entirety of the ALJ's decision. In this instance, the undersigned is reluctant to adopt Defendant's "harmless error" argument as to the ALJ's Step 4 analysis. Instead the undersigned finds that this matter should be remanded for clarification on whether Plaintiff can perform her past relevant work as actually performed and/or as generally performed, and/or whether there is other work in the national economy Plaintiff might be able to perform. As such, the undersigned will recommend that the Commissioner's decision be vacated.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 12) be **DENIED**; "Defendant's Motion For Summary Judgment" (Document No. 16) be **DENIED**; and the Commissioner's determination be **VACATED** and this matter **REMANDED** for further consideration as discussed herein.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review

by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989);  Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: September 30, 2013

David C. Keesler
United States Magistrate Judge