**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL ACTION NO.: 1:12-CV-196**

| | | |
|---|---|---|
| VIOLA WIGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**I. INTRODUCTION**

**THIS MATTER IS BEFORE THE COURT** upon Plaintiff's Motion for Summary

Judgment (Doc. No. 12) and Memorandum in Support (Doc. No. 13), Defendant's Motion for

Summary Judgment (Doc. No. 16) and Memorandum in Support (Doc. No. 17), Magistrate

Judge Keesler's Memorandum and Recommendations (Doc. No. 20), and Defendant's Objection

to the M&R (Doc. No. 21). Judge Keesler recommends that both motions be denied, that the

Commissioner's decision be vacated, and that the matter be remanded for further consideration.

For the reasons set forth, the Court OVERRULES Defendant's objections, ACCEPTS and

ADOPTS the M&R, DENIES Plaintiff's Motion for Summary Judgment, DENIES Defendant's

Motion for Summary Judgment, and VACATES the Commissioner's decision. This case is

remanded for further consideration of the issues set forth in the M&R.

## II. STANDARD OF REVIEW

Pursuant to the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), this Court's review of a final decision of the Commissioner of Social Security is limited to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390 (1971), and (2) whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g) (2006); *see also Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Rhyne v. Astrue*, 3:09-cv-412-FDW-DSC, 2011 WL 1239800, at *2 (W.D.N.C. Mar. 30, 2011). Furthermore, "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if [her] decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456; *see also Rhyne*, 2011 WL 1239800, at *2. Substantial evidence is "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence that a reasonable mind would accept as adequate to support a conclusion." *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *Rhyne*, 2011 WL 1239800, at *2.

The Federal Magistrate Act states that a district court "shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). *De novo* review is not required, however, "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see also Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Objections to an M&R must specifically identify portions of the report and the basis for those

objections. Fed. R. Civ. P. 72(b). Furthermore, "a general objection to a magistrate judge's findings is not sufficient—'a party must object to the [magistrate's] finding or recommendation . . . with sufficient specificity so as to reasonably alert the district court of the true ground for the objection.'" *United States v. Benton,* 523 F.3d 424, 428 (4th Cir. 2008) (quoting *United States v. Midgette,* 478 F.3d 616, 621 (4th Cir. 2007)). General objections include those that merely restate or reformulate arguments a party has made previously to a magistrate judge. *See Jackson v. Astrue,* No. 1:09-cv-467, 2011 WL 1883026 (W.D.N.C. May 17, 2011); *Aldrich v. Bock,* 327 F. Supp. 2d 743, 747 (E.D. Mich.2004). "Examining anew arguments already assessed in the M&R would waste judicial resources; parties must explain *why* the M&R is erroneous, rather than simply rehashing their prior filings . . . ." *Hendrix v. Colvin*, No. 5:12-cv-01353, 2013 WL 2407126, at *12 (D.S.C. June 3, 2013). Finally, upon careful review of the record, the district court may accept, reject, or modify the findings or recommendations made by the magistrate judge. *Camby*, 718 F.2d at 200.

### III. DISCUSSION

In the M&R, Judge Keesler found that the decision of the Administrative Law Judge ("ALJ") that Plaintiff is able to return to her past relevant work as actually performed was supported by substantial evidence. (*See* Doc. No. 20 at 8). However, the ALJ also found that Plaintiff could return to her past work as *generally* performed. Judge Keesler found that this decision was not supported by substantial evidence, notably because of a misclassification of Plaintiff's work as "light" rather than "medium," and recommended that the case be remanded for further clarification on this issue. (*Id.* at 10). Defendant objects solely on these grounds, noting that the Commissioner may find that a claimant is not disabled if she has the residual

functional capacity to perform a past relevant job either as she actually performed it or as the job is generally performed in the national economy. (Doc. No. 21 at 2). Thus, Defendant argues, even if the ALJ's decision that Plaintiff could perform her past relevant work as it is generally performed was not supported by substantial evidence, it would not change the effect of the ALJ's decision, because the ALJ may decide that a claimant is not disabled based on *either* of the two grounds. (*Id.*) A remand for clarification on this issue, the Defendant argues, is unnecessary. (Doc. No. 21 at 3).

The Court notes at the outset that Defendant previously raised this argument before Judge Keesler and it was rejected. (*See* Doc. No. 20 at 10). While he acknowledged that Defendant made a "strong argument" that any error here is harmless, Judge Keesler found that "the ALJ's ultimate conclusion in her decision is inconsistent with the [vocational expert] testimony, the record, and the ALJ's own findings." (*Id.*) After a thorough review of the record, this Court agrees. The inconsistencies in the record—especially the misclassification of Plaintiff's work as "light" rather than "medium"—render the ALJ's decision on this point unsupported by substantial evidence. Defendant makes a compelling argument that this was harmless error, but the role of this Court in reviewing the ALJ's decision is limited to a determination of whether the decision is supported by substantial evidence. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Court finds that it is not.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's objections are OVERRULED. The Court hereby ADOPTS the Memorandum and Recommendations of the Magistrate Judge. (Doc. No. 20). Accordingly, Plaintiff's Motion for Summary Judgment (Doc. No. 12) is DENIED and

Defendant's Motion for Summary Judgment (Doc. No. 16) is DENIED.  The decision of the Commissioner is VACATED and this matter is REMANDED for further consideration as discussed in the M&R.

**SO ORDERED.**

Signed: January 15, 2014

Graham C. Mullen
United States District Judge